UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARLENE KANEHL, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>ATLANTIC CREDIT & FINANCE INC.,<br><br>    Defendant. | Case No.: 18-cv-1104<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Marlene Kanehl is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff, debts allegedly incurred for personal, family or household purposes.

5. Defendant Atlantic Credit & Finance, Inc. ("ACF") is a foreign business corporation with its principal offices located at 3353 Orange Avenue, Roanoke, Virginia 24012, and with Wisconsin registered agent Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

6. ACF is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. ACF is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

8. ACF is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9. On or about June 19, 2018, ACF mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts..

12. Upon information and belief, Exhibit A was the first written communication ACF mailed to Plaintiff regarding the alleged debt at issue.

13. Exhibit A contains the statutory debt validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors to send consumers along with, or within five days of, the initial written communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Exhibit A.

14. Exhibit A also contains the following:

> Original Creditor  > CAPITAL ONE BANK (USA), N.A.
> Current Creditor  > MIDLAND FUNDING, LLC ("MID")
>           Acct #  > *************5425
>       ACF Acct #  > ■1463
>          Balance  > $3,561.14

Exhibit A.

    15.    Exhibit A also contains the following:

> Our records reflect you are obligated on the Account which is in default. Accordingly, Atlantic is entitled to be paid the balance due of $3,561.14. All payments on the account should be sent as noted below.

Exhibit A.

    16.    The payment remittance slip portion of Exhibit A contains the following:



> ▲ Detach Here ▲     **DETACH HERE AND ENCLOSE THIS PORTION ALONG WITH PAYMENT**     ▲ Detach Here ▲
> Make check or money order payable to Atlantic Credit & Finance, Inc.

Exhibit A.

    17.    The payment remittance slip portion of Exhibit A also contains the following:

> Original Creditor  > CAPITAL ONE BANK (USA), N.A.
>           Acct #  > *************5425
>       ACF Acct #  > ■1463
>          Balance  > $3,561.14
>  Amount Enclosed  > [           ]
>
> |ıı˙ı·ıllı˙ı˙ııllıˑlllıˑ˙ııı˙lı˙lllllllıˑˑlllıılllı˙llıˑlıllıllllılllılılˑl|
> ATLANTIC CREDIT & FINANCE, INC.
> PO BOX 2001
> WARREN, MI 48090-2001

Exhibit A.

    18.    The "Privacy Notice" addendum to Exhibit A also contains the following:

3

**OBTAINING INFORMATION:**
- We obtain Customer Information as permitted by law from: a customer's account file at the time we purchase his or her account; applications or questionnaires; and a customer's transactions and experience with us or our affiliates.
- This information may include a customer's name, address, social security number, former employers, payment history and account balances.

Exhibit A.

19. Exhibit A is false and misleading as to the identity of the creditor.

20. A debt collector cannot make confusing representations about the identity of the creditor in a collection letter.

21. Atlantic's misrepresentation is a material false statement.

22. The unsophisticated consumer would not know the identity of the creditor for the account Exhibit A was attempting to collect.

23. The unsophisticated consumer would not understand whether Exhibit A was collecting on behalf of ACF, "MID," or Citibank.

24. Defendant's letter identifies the "Original Creditor" as Citibank and the "Current Creditor" as "MID" but also says ACF is entitled to be paid the balance due and that Atlantic obtains Customer Information from the customer's account file at the time Atlantic purchases his or her account.

25. The header in Exhibit A states an "Acct #," which is the last four digits of Plaintiff's original Capital One account number, and an "ACF Acct #," which is presumably a new account number that was assigned by ACF.

26. The header in Exhibit A does not state a "Current Creditor Account Number" or "MID Account Number."

27. Like the header in Exhibit A, the payment remittance slip in Exhibit A states an "Acct #" and an "ACF Acct #" without providing a MID account number.

4

28. Exhibit A further states that Atlantic "obtain[s] Customer Information as permitted by law from: a customer's account file *at the time we purchase his or her account*." (emphasis added)

29. The unsophisticated consumer, considering Exhibit A on its face, would be confused as to how many times, if any, the account had actually been sold and whether Capital One, "MID," or ACF actually owned the account as of the date of Exhibit A.

30. The unsophisticated consumer, seeing ACF's representations that "Atlantic is entitled to be paid the balance due of $3,561.145" and "We obtain Customer Information as permitted by law from: a customer's account file at the time we purchase his or her account," would understand that ACF had purchased her account.

31. Plaintiff was confused by Exhibit A.

32. The unsophisticated consumer would be confused by Exhibit A.

33. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

34. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

### *The FDCPA*

35. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) (" 'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.' ") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3

(E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Neeley v. Portfolio Recovery Assocs., LLC*, 268 F. Supp. 3d 978, 982 (S.D. Ind. Aug. 2, 2017) ("[N]othing in *Spokeo* overruled the Seventh Circuit's decisions that emphasized and affirmed the power of Congress to pass legislation creating new rights, which if violated, would confer standing under Article III.") (alteration in original) (quoting *Saenz v. Buckeye Check Cashing*, 2016 U.S. Dist. LEXIS 127784, at *5 (N.D. Ill. Sep. 20, 2016); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA

6

statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

36. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

37. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. 15 U.S.C. § 1692e(2)(a) specifically prohibits: "The false representation of—the character, amount, or legal status of any debt."

39. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

7

40. 15 U.S.C. § 1692g(a)(2) requires that debt collectors identify the name of the creditor to whom the debt is owed is a non-confusing manner. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 323 (7th Cir. 2016):

> The recipients of these letters would therefore find themselves obliged to guess who currently owned the debts in question. Since the name was on the letters, some might correctly guess that Asset Acceptance was the current creditor, but a lucky guess would have nothing to do with any disclosure the letters provided. Compliance with the clear requirements of § 1682g(a)(2) demands more.

41. ACF's false statement is a material false statement. *See Janetos*, 825 F.3d at 324 ("Knowing the current creditor 'potentially affects the debtor in the most basic ways . . . .'") (quoting *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 488 (E.D.N.Y. Mar. 1, 2013)).

## **COUNT I – FDCPA**

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint..

43. The language in Exhibit A is false, misleading and confusing to the unsophisticated consumer, in that the letter misleads the consumer as to the identity of the current creditor.

44. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect any debt.

45. Defendant's misstatement of the name of the creditor is a false, deceptive, misleading, and confusing statement of the character and legal status of the alleged debt.

46. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(2).

## CLASS ALLEGATIONS

47. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a debt collection letter (c) in the form of Exhibit A, (d) seeking to collect a debt for personal, family or household purposes, (e) between July 18, 2017 and July 18, 2018, inclusive, (f) that was not returned by the postal service.

48. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

49. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

50. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

52. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

53. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 18, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com